UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-10805-JLT

NEIL MILLER,
          Plaintiff,

v.

CITY OF BOSTON et al.,
          Defendants.

## DEFENDANT CITY OF BOSTON'S ANSWER TO THE PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW COMES the City of Boston, Defendant in the above-entitled action (hereinafter, 'the City'), and hereby answers the Complaint of the Plaintiff, as follows:

### INTRODUCTION

1.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Complaint.

2.  Defendant City of Boston states that the first sentence of paragraph two is the opinion of the Plaintiff's attorney, and therefore no response is required. Defendant City of Boston denies the second and third sentences of paragraph two to the extent directed at it.

3.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint.

4.  Paragraph four contains a statement of relief sought by the Plaintiff, and therefore no response is required. To the extent an answer is required, it is denied.

### JURISDICTION

5.  Defendant City of Boston states that paragraph five contains the Plaintiff's statement of jurisdiction, and therefore requires no response.

1

## VENUE

6.  Defendant City of Boston states that paragraph six contains the Plaintiff's statement of venue, and therefore requires no response.

## PARTIES

7.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint.

8.  Defendant City of Boston admits the allegations contained in paragraph eight of the Complaint.

9.  In answer to paragraph nine of the Complaint, Defendant City of Boston admits that Defendant Margot Hill was at all relevant times a member of the Boston Police Department, and that her actions were taken under color of the laws of the Commonwealth of Massachusetts.  The remaining allegations contained in Paragraph nine are legal statements not requiring a response.

10.  In answer to paragraph ten of the Complaint, Defendant City of Boston admits that Defendant Brody was at all relevant times a senior criminalist working for the Boston Police Department's Crime Laboratory, and that his actions were taken under color of the laws of the Commonwealth of Massachusetts.  The remaining allegations contained in paragraph ten are legal statements not requiring a response.

11.  In answer to paragraph eleven of the Complaint, Defendant City of Boston admits that Defendant Pishkin was at all relevant times a member of the Boston Police Department, and that his actions were taken under color of the laws of the Commonwealth of Massachusetts.  The remaining allegations contained in paragraph eleven are legal statements not requiring a response.

12.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of the Complaint.

13.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen of the Complaint.

14.  Defendant City of Boston admits the allegations contained in paragraph fourteen of the Complaint.

15.  Defendant City of Boston admits the allegations contained in paragraph fifteen of the Complaint.

## JURY TRIAL DEMAND

16.     Defendant City of Boston states that the statement contained in paragraph sixteen is a statement of Plaintiff's jury demand to which no response is required.

## FACTS

### The Crime

17.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen of the Complaint.

18.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen of the Complaint.

19.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen of the Complaint.

20.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty of the Complaint.

21.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Complaint.

### The False Identification of Mr. Miller

22.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two of the Complaint.

23.     Defendant City of Boston admits that Defendant Hill was employed by the Boston Police Department at all times relevant to this action. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twenty-three of the Complaint.

24.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four of the Complaint.

3

25.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of the Complaint.

26.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-six of the Complaint.

27.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-seven of the Complaint.

28.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight of the Complaint.

29.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine of the Complaint.

30.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty of the Complaint.

31.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one of the Complaint.

32.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-two of the Complaint.

33.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-three of the Complaint.

34.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-four of the Complaint.

35.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-five of the Complaint.

36.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-six of the Complaint.

37.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-seven of the Complaint.

38.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-eight of the Complaint.

39.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-nine of the Complaint.

40.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty of the Complaint.

41.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-one of the Complaint.

42.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-two of the Complaint.

**The Forensic Investigation**

43.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-three of the Complaint.

44.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-four of the Complaint.

45.    Defendant City of Boston states that Defendant Brody's report speaks for itself. Answering further, Defendant City of Boston state that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph forty-five of the Complaint.

46.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-six of the Complaint.

5

47.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-seven of the Complaint.

48.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-eight of the Complaint.

49.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-nine of the Complaint.

50.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty of the Complaint.

51.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

52.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-two of the Complaint.

53.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-three of the Complaint.

54.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-four of the Complaint.

55.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-five of the Complaint.

56.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-six of the Complaint.

57.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-seven of the Complaint.

58.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-eight of the Complaint.

59.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-nine of the Complaint.

60.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty of the Complaint.

61.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-one of the Complaint.

62.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-two of the Complaint.

63.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-three of the Complaint.

64.    Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-four of the Complaint.

**The City of Boston's Indifference and Acquiescence to Police Misconduct**

65.    Defendant City of Boston denies the allegations contained in paragraph sixty-five of the Complaint.

66.    Defendant City of Boston denies the allegations contained in the first sentence of paragraph sixty-six of the Complaint. Defendant City of Boston admits that Mayor Flynn appointed a management review committee headed by attorney James D. St. Clair to review the department. Defendant City of Boston denies the allegation that the police department was a public disgrace. Defendant City of Boston admits that the committee issued its report on January 14, 1992, but denies that it found "wide-ranging problems with the internal disciplinary system." The Defendant City of Boston denies that there were systematic failures at the time of the crime, and states the remaining allegations contained in the last sentence of paragraph sixty-six are introductory statements made by the Plaintiff, and therefore no response is required.

67.    Defendant City of Boston admits that the attorney general obtained an injunction in the matter involving John J. Smith. The Defendant City of Boston states that it is without

7

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph sixty-seven of the Complaint.

68. Defendant City of Boston denies that the Boston Police Department was so poorly managed that police officers felt free to use false statements in search warrants and to coerce witnesses to lie in support of its arrests. Defendant City of Boston states that the decision in <u>Commonwealth v. Lewin</u> speaks for itself. Defendant City of Boston further states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph sixty-eight of the Complaint.

69. Defendant City of Boston states Gary Willoughby sued and received a settlement amount. Defendant City of Boston admits that the officer was not disciplined. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph sixty-nine of the Complaint.

70. Defendant City of Boston states that the decision in <u>Commonwealth v. Phillips</u>, speaks for itself. Answering further, Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventy of the Complaint.

71. Defendant City of Boston admits that in 1989 Marvin Mitchell was charged with rape, admits that he was exonerated, and admits that the Boston police officers were not disciplined. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph seventy-one of the Complaint.

72. Defendant City of Boston admits sentences one and two of paragraph seventy-two of the Complaint. Defendant City of Boston denies that the Boston police officers focused their murder investigation on an African-American named Willie Bennett. Defendant City of Boston admits that the United States Attorney for the District of Massachusetts investigated the criminal investigation, and that a report was issued as a result. Answering further, Defendant City of Boston states that the report speaks for itself. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph seventy-two of the Complaint.

73. Defendant City of Boston denies the allegations contained in paragraph seventy-three of the Complaint.

74. Defendant City of Boston denies the allegations contained in paragraph seventy-four of the Complaint.

75. Defendant City of Boston denies the allegations contained in paragraph seventy-five of the Complaint.

8

**The Suffolk County District Attorney's Failure to Property Train Staff**

76.  Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventy-six of the Complaint.

**Damages**

77.  In answer to paragraph seventy-seven of the Complaint, Defendant City of Boston denies engaging in any unconstitutional conduct. Answering further, Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Miller's damages contained in paragraph seventy-seven.

## CLAIMS

### Count I – 42 U.S.C. § 1983
### Claims against Defendants Hill, Pishkin, and Daly
### For Unduly Suggestive Identification Procedures

Defendant City of Boston does not answer the allegations contained in paragraphs seventy-eight through eighty-two of the Complaint, as said allegations are directed against another Defendant.

### Count II – 42 U.S.C. § 1983
### Due Process Claims against Defendants Hill and Brody
### For Failing to Disclose Evidence and for Fabricating Evidence, and Due Process Claim
### Against Defendant Hill for Failure to Investigate

Defendant City of Boston does not answer the allegations contained in paragraphs eighty-three through ninety-one of the Complaint, as said allegations are directed against another Defendant.

### Count III – 42 U.S.C. § 1983
### Claims against Defendants Hill, Brody, Pishkin, and Daly
### For Malicious Prosecution

Defendant City of Boston does not answer the allegations contained in paragraphs ninety-two through ninety-eight of the Complaint, as said allegations are directed against another Defendant.

### Count IV – 42 U.S.C. § 1983
### Monell Claim against the City of Boston

99.  Defendant City of Boston re-alleges and incorporates its answers to paragraphs one through ninety-eight of the Complaint as though fully set forth herein.

9

100.  Defendant City of Boston denies the allegations contained in paragraph 100 of the Complaint.

101.  Defendant City of Boston denies the allegations contained in paragraph 101 of the Complaint.

102.  Defendant City of Boston denies the allegations contained in paragraph 102 of the Complaint.

**Count V – 42 U.S.C. § 1983**
**Supervisory Liability Claims against John Doe and Jane Doe,**
**Supervisors in the Boston Police Department**

Defendant City of Boston does not answer the allegations contained in paragraphs 103 through 105 of the Complaint, as said allegations are directed against another defendant.

**Count VI – 42 U.S.C. § 1983**
**<u>Monell</u> Claims against Defendants Suffolk County**
**And the Suffolk County District Attorney's Office**
**For Failure to Train and Supervise Prosecutors**

Defendant City of Boston does not answer the allegations contained in paragraphs 106 through 108 of the Complaint, as said allegations are directed against another defendant.

**Count VII – State Tort Law**
**Claims against Defendants Hill, Brody, Pishkin, and Daly**
**For Malicious Prosecution**

Defendant City of Boston does not answer the allegations contained in paragraphs 109 through 112 of the Complaint, as said allegations are directed against another defendant.

<u>**CLAIMS FOR DAMAGES**</u>

113.  In answer to paragraph 113 of the Complaint, Defendant City of Boston states that the paragraph states a legal conclusion, and as such does not require an answer. To the extent an answer is required, it is denied.

114.  Defendant City of Boston denies the allegations contained in paragraph 114 of the Complaint to the extent directed against it.

115.  Defendant City of Boston denies the allegations contained in paragraph 115 of the Complaint to the extent directed against it.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant answering states that the injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by the Defendant City of Boston.

### Second Affirmative Defense

The Defendant answering says that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

The Defendant answering states that the injuries and damages alleged were caused by a person or entity over whom the Defendant City of Boston has no responsibility or control.

### Fourth Affirmative Defense

The Defendant answering states that the injuries and damages alleged were caused by the Plaintiff's own intentional conduct and not the conduct of the Defendant City of Boston.

### Fifth Affirmative Defense

The Defendant answering states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

### Sixth Affirmative Defense

The Defendant answering states that the complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983 because it fails to show any factual connection between alleged, unconstitutional custom, policy or practice of the City and the violation of the Plaintiff's constitutional rights.

### Seventh Affirmative Defense

The Defendant answering states that at all times relevant hereto, the City of Boston acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### Eighth Affirmative Defense

The Defendant, City of Boston, states that it is a municipality against which punitive damages may not be assessed.

11

## Jury Claim

Defendant City of Boston hereby demands a trial by jury on all counts and causes of action.

Respectfully submitted,
DEFENDANT CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel

By its attorneys:

Amy E. Ambarik, Esq.
BBO# 637348
James M. Chernetsky, Esq.
BBO# 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4099 (Ambarik)
(617) 635-4048 (Chernetsky)

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused a true and correct copy of this document to be served upon counsel of record for the Plaintiff, via U.S. Mail to 90 Canal Street, Boston, MA, and upon counsel for the co-defendants, Natalie S. Monroe, Esq., via U.S. Mail to One Ashburton Place, 18th Floor, Boston, MA.

7/28/03
Date

Amy E. Ambarik

12