UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEIL MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 03-10805-JLT |
| | * | |
| CITY OF BOSTON, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

May 5, 2008

TAURO, J.

      Plaintiff Neil Miller seeks a limited modification of the Protective Order entered in this matter,[1] for the purpose of releasing redacted versions of twenty-five discovery documents.[2] Defendant City of Boston ("City") objects to the release of thirteen of these documents.[3] Following briefing by the Parties, this court held a Motion Hearing on May 1, 2008. For the following reasons, Plaintiff's <u>Motion to Modify the January 8, 2004 Protective Order</u> [Sealed #146] is ALLOWED as outlined in this Order.[4]

---

    [1] Protective Order [#50].

    [2] Plaintiff attaches these documents as Exhibits 10-34 to his Memorandum of Law in Support of His Motion to Modify the January 8, 2004 Protective Order ("Pl. Mem.") [#147, exhibits not on CM/ECF].

    [3] The City objects to the release of Exhibits 12, 13, 14, 15, 19, 23, 27, 28, 31, 32, 33 and 34, and does not object to the release of Exhibits 10, 11, 16, 17, 18, 20, 21, 22, 25, 26, 29 and 30. <u>See</u> City Opp. at 8-9.

    [4] This court has the power to modify the existing Protective Order, even though the underlying case is closed. <u>See</u>, <u>e.g.</u>, <u>Poliquin v. Garden Way</u>, 989 F.2d 527, 535 (1st Cir. 1993)

1

The proponent of a Protective Order bears the burden of establishing "good cause"[5] for its continuation. "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."[6] If the proponent cannot establish good cause, "the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection."[7]

Here, the City has not met its burden with respect to the documents at issue. The City's general concerns about post-settlement finality do not rise to the level of a "particular factual demonstration of potential harm."[8] Additionally, the City's concerns about the individual Defendants' privacy interests—of which the City has failed to establish with any particularity—are strongly outweighed by public interest considerations, as discussed below.[9]

---

("[A] protective order, like any ongoing injunction, is always subject to the inherent power of the district court to relax or terminate the order, even after judgment."). See also Protective Order at ¶ 10 ("This Order may be modified by further order of this Court upon application to the Court with notice.") [#50].

[5] See Rule 26(c) ("Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ."); Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1998).

[6] Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, at 264-65 (1970)).

[7] See Public Citizen, 858 F.2d at 789 (quoting In re "Agent Orange" Product Liability Litigation, 821 F.2d 139, 145-46 (2d Cir. 1987), cert. denied, 484 U.S. 953 (1987), aff'g 104 F.R.D. 559, 567 (E.D.N.Y. 1985)) (internal quotation marks omitted).

[8] Additionally, according to the Parties, the underlying settlement agreement in this case did not incorporate the Protective Order.

[9] See, e.g., Shingara v. Skiles, 420 F.3d 301, 307 (3d Cir. 2005) ("privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny") (internal citations and quotation marks omitted).

Moreover, Plaintiff has established several compelling reasons to permit the release of these materials.

First, as noted, this matter involves significant public interests.  The public, the press and the Plaintiff all have strong First Amendment interests in examining allegations of official misconduct, and the adequacy of the Boston Crime Lab's procedures.  As stated by the Supreme Court, "Whatever differences may exist about interpretations of the First Amendment, there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs."[10]

Second, one of the original bases for protecting this material no longer exists.  The Parties intended the Protective Order, at least in part, to protect the privacy interests of victims identified in these documents.[11]  All identifying and biographical information, however, can be redacted, thereby alleviating any privacy concerns.  Additionally, the Massachusetts Rape Shield law applies to these documents.[12]

Lastly, the Federal Government may have an important interest in these materials.  The Justice for All Act of 2004, among other things, requires any state receiving federal funds pursuant to the Coverdell Forensic Sciences Improvement Grant Program to certify (1) that the

---

[10] Mills v. Alabama, 384 U.S. 214, 218 (1966).  See also New York Times Co. v. Sullivan, 376 U.S. 254, 270 (1964) ("[W]e consider this case against the background of profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.").

[11] See City's Opp. to Pl. and Intervenor, Globe Newspapers's Mot. to Modify the Protective Order at 5 ("City Opp.") [Sealed #151].

[12] See Mass. Gen. Laws ch. 265, § 24C.

recipient utilizes generally accepted practices and procedures; and (2) "that a government entity exists and an appropriate process is in place to conduct independent external investigations into allegations of serious negligence or misconduct substantially affecting the integrity of the forensic results . . . ."[13]  Massachusetts receives these funds, and has designated the Massachusetts Auditor General as the operative government entity.  Plaintiff intends to provide these materials to the Auditor General in support of a Coverdell investigation request.

For these reasons, no good cause exists for the continued judicial protection of these materials, and the Protective Order is MODIFIED as follows.  Exhibits 10-34 to Plaintiff's Memorandum shall be redacted to conceal: (1) the names of any victims, other than first and last initials; (2) the names of any victim's family members; (3) current address or telephone number information for victims or family members; (4) all birth dates; and (5) all Social Security numbers.  In REDACTED form, these Exhibits are no longer "Confidential Materials" within the terms of the Protective Order.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[13] 42 U.S.C. § 3797k(2) & (4).